NICHO GARZA v. THE STATE.

No. 19690.   Delivered May 4, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*J. T. Vance, Jr.,* of Refugio, and *Fred H. Woodard,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was convicted of the theft of chickens, and given a penalty of confinement in the county jail for 100 days.

He first complains of the court's failure to grant his motion for a change of venue. His compurgators as well as witnesses on such proposition gave testimony which, taken in its most favorable light, left some doubt as to whether or not the appellant could have obtained a fair trial if placed on trial before a jury selected entirely of citizens of the Austwell neighborhood, mainly on account of the fact that he had been active in a school election sometime previous thereto. The witnesses were rather indefinite as to how many citizens of Austwell were present on the venire, some failing to find any thus present, and some saying there were two or three. The State offered a controverting affidavit and proof from witnesses that such a fair trial could be had, and upon such testimony the court appears to have overruled such motion. We will also here observe that in no way was it shown that a juror from the objected to Austwell vicinity was accepted upon the jury that tried the appellant. We can not say that the trial court abused his discretion in refusing to change such venue. See Branch's Penal Code, page 180, Section 299, and cases there cited.

Appellant's bill of exceptions No. 1 complains of the court's failure to charge the jury on the law of circumstantial evidence. There was direct evidence relative to the theft of these chickens and the appellant's presence there, and where such is

140

in evidence it is sufficient to take such case out of the realm of circumstantial evidence, and a charge thereon is not required. See Branch's Penal Code, Section 2480, page 1341: "When there is direct evidence from any source of the taking of the property by defendant from the possession of the person in whom possession is alleged, a charge on circumstantial evidence is not required because the fraudulent intent is sought to be proven by circumstantial evidence," citing many cases.

It seems to us that the appellant has had his defenses fully and fairly presented to the jury in a proper charge by the court, and the jury have seen fit to solve the conflict in the testimony against the appellant. We are bound thereby, and this judgment is accordingly affirmed.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant reiterates his contention that the trial court committed error in failing to charge on the law of circumstantial evidence. That the chickens in question were stolen from Starks, the alleged owner, seems to be established beyond controversy. The stolen chickens were subsequently found in the possession of the appellant. Huff, a coprincipal, admitted that he accompanied the appellant to the home of Starks and that they committed the offense of theft.

The well-established rule seems to be that a charge on circumstantial evidence is not required in a theft case if there is direct evidence from any source of the taking of the property by the defendant from the possession of the person in whom possession is laid. See Branch's Ann. Texas P. C., page 1341, Section 2480. Consequently, we do not think a charge on circumstantial evidence was required in the instant case.

The motion for rehearing is overruled.